# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JARELL SHABAZZ MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-00784-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| DOMINOS PIZZA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion for Reconsideration, (ECF No. 14), filed by Plaintiff Jarell Shabazz Martin ("Plaintiff").  Defendant Dominos Pizza ("Defendant") filed a Response, (ECF No. 14), to which Plaintiff filed a Reply, (ECF No. 21).

Also pending before the Court are Plaintiff's Motions to Recuse Judges, Move to Higher Court, Deny to Compel Arbitration, Prove that Documents Were Falsified, and Contempt for Perjury,[1] (ECF Nos. 15, 16, 17, 18, 19).  Defendant filed a Response, (ECF No. 23), to which Plaintiff filed a Reply, (ECF No. 24).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Reconsideration, **DENIES** Plaintiff's Motion to Recuse Judges, and **DENIES as moot** Plaintiff's Motions to Move to Higher Court, Deny to Compel Arbitration, Prove that Documents Were Falsified, and Contempt for Perjury.

---

[1] These Motions were originally filed as a single omnibus motion requesting five different forms of relief. Pursuant to Local Rule IC 2-2(b), the Clerk's Office split Plaintiff's omnibus motion into five separate docket entries because the omnibus motion sought different forms of relief. *See* Local Rule IC 2-2(b) ("For each type of relief requested . . . a separate document must be filed and a separate event must be selected for that document.").

1

## I.    **BACKGROUND**

2      This case arises from Defendant's alleged discrimination against Plaintiff based on his

3   race and color in violation of Title VII of the Civil Rights Act of 1964. (*See generally* Compl.,

4   ECF No. 1).  On September 14, 2022, Defendant filed a Motion to Compel Arbitration and

5   Dismiss or Stay Proceedings, (ECF No. 9), contending that Plaintiff's claims were governed by

6   the Domino's Pizza Arbitration Agreement (the "Arbitration Agreement") he signed when he

7   was hired by Defendant. (*See generally* Mot. Compel Arbitration).  The Case

8   Management/Electronic Case Filing ("CM/ECF") system stated that Plaintiff had until

9   September 28, 2022, to respond to Defendant's Motion to Compel Arbitration and Dismiss or

10   Stay Proceedings. (*Id.*).  By February 8, 2023, Plaintiff had yet to file a response, resulting in

11   the Court granting Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings

12   as unopposed under Local Rule 7-2(d).[2]

13      Plaintiff then filed the present Motion for Reconsideration and Motion to Recuse Judges.

14   By the former, Plaintiff explained that he relies on the Public Access to Court Electronic

15   Records ("PACER") system to view case filings and docket information. (Mot. Reconsideration

16   at 1:13–28, ECF No. 14).  Plaintiff alleges that unlike CM/ECF, PACER did not provide a

17   response deadline for Defendant's Motion to Compel Arbitration and Dismiss or Stay

18   Proceedings. (*Id.*).  Plaintiff provided a screenshot from PACER which appears to corroborate

19   his allegation. (Reply 1:12–3:9, ECF No. 22).  Accordingly, Plaintiff argues that

20   reconsideration is necessary because he was not notified of any response deadline. (Mot.

21   Reconsideration 1:13–28); (Reply 1:12–3:9).

22      By the latter Motion to Recuse Judges, Plaintiff alleges that the Magistrate Judge and the

23   undersigned are biased against him based on their previous positions prior to becoming judges.

24   _____

25   [2] Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

(Mot. Recuse Judges 5:5–8:8, ECF No. 15).  Plaintiff thereby contends that recusal is warranted pursuant to 28 U.S.C. § 144. (*Id.*).  The Court discusses each Motion below.

## II.    LEGAL STANDARD

### A. Reconsideration

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

///

**B. Recusal**

Under 28 U.S.C. § 144, a party seeking recusal must file a timely and sufficient affidavit averring that the judge before the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. If the affidavit is legally sufficient — *i.e.*, it "state[s] the facts and reasons for such belief that bias or prejudice exists," 28 U.S.C. § 144, — the judge at whom the motion is directed must refer the motion to another judge for a determination of its merits. *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *Id.*

**III.  DISCUSSION**

**A. Motion for Reconsideration, (ECF No. 14)**

As stated, Plaintiff contends that reconsideration is necessary because PACER failed to notify him of the response deadline to Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings (Mot. Reconsideration 1:13–28); (Reply 1:12–3:9). The Court agrees.

Based on the screenshot provided by Plaintiff, PACER failed to notify Plaintiff that a response was due by September 28, 2022. It would be unfair to find that Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings should be granted because of a failure to respond pursuant to Local Rule 7-2(d) when Plaintiff neither was notified that a response was required, nor when it would be due.[3] Accordingly, Plaintiff's Motion for Reconsideration is GRANTED. Defendant may subsequently re-file their Motion to Compel Arbitration and Dismiss or Stay Proceedings.

///

---

[3] Defendant's Response includes an email exchange demonstrating that Plaintiff was emailed a copy of Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings on September 14, 2022. (Email exchange at 7–8, Ex. 1 to Ex. B to Defendant's Resp., ECF No. 21-2). This email illustrates that Plaintiff received Defendant's Motion. The issue, however, is that Plaintiff never received a notification from the Court instructing him that a response was required by a specific deadline.

**B.  Motion to Recuse Judges, (ECF No. 15)**

Plaintiff additionally contends that recusal is warranted pursuant to 28 U.S.C. § 144. (Mot. Recuse Judges 5:5–8:8).  As stated above, a motion to disqualify under 28 U.S.C. § 144 requires the party seeking recusal to file a legally sufficient affidavit alleging facts supporting the claim that the judge is biased against that party. *Sibla*, 624 F.2d at 867.  Here, Plaintiff did not submit a § 144 affidavit. (*See generally* Mot. Recuse Judges).  As Plaintiff is proceeding *pro se*, the Court notes that despite Plaintiff only referencing § 144 in his Motion, his decision not to submit an affidavit suggests he may have intended to file a motion for disqualification under 28 U.S.C. § 455.  While § 144 "provides a procedure for a party to recuse a judge," "§ 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

In any event, "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 992, 891 (9th Cir. 2012) (quotation omitted).  "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens v. United States Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted).  Furthermore, the "opinions formed by a judge on the basis of events occurring in the course of the proceedings likewise do not constitute a basis for a bias or partiality motion except when they display 'a deep-seated favoritism or antagonism that would make fair judgment impossible." *Brown v. Leachman*, No. 16-cv-07235, 2021 WL 827233, at *3 (N.D. Cal. Mar. 4, 2021) (quoting *Liteky v. United States*, 510 U.S. 540 (1994)).

Plaintiff's primary argument is that the Magistrate Judge and undersigned are biased based on their prior positions as a corporate attorney and district attorney, respectively. However, the conclusory assertion that the Magistrate Judge and undersigned "must be biased

against Plaintiff because of [their] previous occupation[s] is insufficient to show actual bias or prejudice or to demonstrate that [their] impartiality might be reasonably questioned."[4] *Diaz v. Fox*, No. 2:14-cv-2705, 2017 WL 5192358, at *1 (E.D. Cal. Nov. 9, 2017); *see Kruska v. Perverted Justice Foundation Inc.*, No. 08-cv-0054, 2009 WL 577708, at *1 (D. Ariz. Mar. 5, 2009) ("Judge McNamee's former role as a government prosecutor is not a reason for recusal."). Accordingly, the Magistrate Judge and the undersigned's former positions provide no basis for recusal under 28 U.S.C § 144 or § 455.[5]

To the extent Plaintiff is frustrated by the Court's previous adverse ruling, this ruling was well-supported by this Court's Local Rules at the time it was issued. *See Walker v. Stanton*, No. 08-cv-00024, 2008 WL 4381650, at *1–2 (C.D. Cal. Aug. 26, 2008) (denying the plaintiff's motion to recuse where the record "reveal[ed] that plaintiff's concern [was] based solely" on the judge's rulings, which were "well-supported by the Local Rules"); *Singhal v. Executive Branch of United States Government*, No. 13-cv-07857, 2015 WL 13919105, at *4 (C.D. Cal. Apr. 21, 2015) ("Under the Local Rules, therefore, Judge Pregerson had discretion to grant defendants' motion based on Singhal's failure to file timely opposition without reaching the merits of the motion. There was thus no legal error and no evident bias."). The Court advises Plaintiff that adverse "[judicial rulings] are proper grounds for appeal, not for [disqualification]." *Litkey*, 510 U.S. at 455; *see also Nichols v. Alley*, 71 F.3d 347, 351 (10th

---

[4] Plaintiff additionally contends that the Magistrate Judge has displayed a bias towards "workers pursing a [d]iscrimination lawsuit" based on the "tone he has taken early on in the process." (Mot. Recuse Judges 7:1–2). However, "judicial bias or prejudice formed during current or prior proceeding is insufficient for recusal unless the judge's actions 'display a deep-seated favoritism or antagonism that would mark fair judgment impossible."). *Hussein v. University and Community College System of Nevada*, No. 3:04-cv-0455, 2010 WL 3385298, at *2 (D. Nev. Aug. 24, 2010) (citing *Litkey*, 510 U.S. at 540). Upon review of Plaintiff's Motion and the relevant evidence, Plaintiff lacks a reasonable factual basis for questioning the Magistrate Judge's impartiality.

[5] Lastly, Plaintiff contends that the undersigned is biased because her spouse is an attorney. (Mot. Recuse Judge 7:4–7). To assume that a judge is biased based on their spouse's occupation, especially when the spouse has no interest in the lawsuit, is to "engage in speculation about a judge's motives and desires on the basis of an unsubstantiated suspicion that the judge is personally bias or prejudiced." *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1131 (N.D. Ca. 2011). This is insufficient to warrant recusal.

Cir. 1995) (listing "various matters not ordinarily sufficient to require § 455(a) recusal" to include "prior rulings in the proceeding, or another proceeding, solely because they were adverse").

In sum, Plaintiff's conclusory allegations, based on nothing more than speculation, are legally insufficient to reasonably question either the Magistrate Judge or undersigned's impartiality or show that a bias or prejudice exists. Accordingly, Plaintiff's Motion to Recuse Judges is DENIED.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 14), is **GRANTED.** Defendant may re-file their Motion to Compel Arbitration and Dismiss or Stay Proceedings. The Clerk of Court is instructed to lift the stay of case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Recuse Judges, (ECF No. 15), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Move to Higher Court, Deny to Compel Arbitration, Prove that Documents Were Falsified, and Contempt for Perjury, (ECF 16, 17, 18, and 19), are **DENIED as moot**.

**DATED** this __28__ day of March 2023.

_____
Gloria M. Navarro, District Judge
United States District Court