**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JARELL SHABAZZ MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-00784-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| DOMINO'S PIZZA. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are Plaintiff Jarell Shabazz Martin's Responses, (ECF Nos. 47, 48), to the Court's Order to Show Cause, (ECF No. 46).

Also pending before the Court is the Renewed Motion to Compel Arbitration and Dismiss or Stay Proceeding, (ECF No. 29), filed by Defendant Domino's Pizza.  Plaintiff filed a Response, (ECF No. 31), to which Defendant filed a Reply, (ECF No. 36).  Plaintiff then filed another Response, (ECF No. 38), which the Court construes as a Sur-Reply filed without leave of Court.

Also pending before the Court is Defendant's Motion for Order to Show Cause, (ECF No. 28).  Plaintiff filed a Response, (ECF No. 30), to which Defendant filed a Reply, (ECF No. 35).  Plaintiff then filed another Response, (ECF No. 39), which the Court construes as a Sur-Reply filed without leave of Court. (ECF No. 38).

Also pending before the Court are Defendant's Motions to Strike, (ECF Nos. 40, 41), Plaintiff's Sur-Replies, (ECF Nos. 38, 39).

For the reasons discussed below, the Court DISMISSES Plaintiff's Complaint with prejudice pursuant to its inherent powers because Plaintiff repeatedly submitted falsified evidence to the Court and offered misrepresentations in furtherance of his position when given

1    the opportunity to explain his conduct.  The Court also GRANTS Defendant's Motions to

2    Strike because Plaintiff's Sur-Replies were filed without leave of Court and there are neither

3    exceptional nor extraordinary circumstances warranting a sur-reply. Additionally, the Court

4    DENIES as moot Defendant's Motion for Order to Show Cause, (ECF No. 28), because the

5    Court independently issued its own Order to Show Cause, (ECF No. 46).

6    **I.          BACKGROUND**

7         This case arises from Defendant's alleged discrimination against Plaintiff based on his

8    race and color in violation of Title VII of the Civil Rights Act of 1964. (*See generally* Compl.,

9    ECF No. 1).  Early on in the proceedings, Defendant moved to compel arbitration and dismiss

10   or stay proceedings, (ECF No. 9), contending that Plaintiff's claims were governed by the

11   Domino's Pizza Arbitration Agreement Plaintiff signed when Defendant hired him. (Mot.

12   Compel Arbitration & Dismiss or Stay Proceedings, ECF No. 9).  The Case

13   Management/Electronic Case Filing ("CM/ECF") system stated that Plaintiff had until

14   September 28, 2022, to respond to Defendant's Motion to Compel Arbitration and Dismiss or

15   Stay Proceedings. (*Id.*).  By February 8, 2023, Plaintiff had yet to file a response, resulting in

16   the Court granting Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings

17   as unopposed under Local Rule 7-2(d).

18        Plaintiff then filed a Motion to Reconsider, explaining that he relies on the Public

19   Access to Court Electronic Records ("PACER") system to view case filings and docket

20   information. (Mot. Reconsider 1:13–28, ECF No. 14).  Plaintiff alleged that, unlike CM/ECF,

21   PACER did not provide a response deadline for Defendant's Motion to Compel Arbitration and

22   Dismiss or Stay Proceedings. (*Id.*).  Plaintiff provided a screenshot from PACER in his Reply

23   which initially appeared to corroborate his argument: In the screenshot, shown below, the entry

24   of Defendant's Motion Compel Arbitration and Dismiss or Stay Proceedings, located at ECF

25   No. 9, does not include a response deadline. (Reply 2:7–28, ECF No. 22).

(Reply 2:7–28).  Based on Plaintiff's representations and the screenshot he submitted in his

Reply, the Court granted Plaintiff's Motion to Reconsider, and gave Defendant leave to re-file

its Motion to Compel Arbitration and Dismiss or Stay Proceedings so that Plaintiff would have

an opportunity to respond. (Order, ECF No. 25).  Defendant then filed its Renewed Motion to

Compel Arbitration and Dismiss or Stay Proceedings, (ECF No. 29).

Defendant also filed a Motion for Order to Show Cause, (ECF No. 29), contending that

Plaintiff manipulated the screenshot above by deleting the response deadline generated by

PACER. (Mot. Order Show Cause, ECF No. 28).  The Court subsequently examined Plaintiff's

filings and observed that Plaintiff's screenshots included portions of his email exchange with

Las Vegas Public Docketing about a collateral matter—his exemption from the Early Neutral

Evaluation (ENE) with the Magistrate Judge. (Mot. Reconsider 1:21–23).  The screenshots

Plaintiff submitted in his email to Las Vegas Docketing  unlike the screenshots Plaintiff

submitted in his Reply to the Court, did display a response deadline.  This evidence confirmed

1  that, contrary to Plaintiff's assertions, PACER *had* generated a response deadline for

2  Defendant's Motion to Compel Arbitration and Dismiss or Stay Proceedings.  This comparison

3  also revealed that Plaintiff had apparently submitted a fraudulently manipulated image as

4  evidence to this Court in his Reply.



19  (Docket Screenshots, Ex. B to Mot. Reconsider, ECF No. 14).  These screenshots directly

20  contradicted Plaintiff's explanation and evidence.[1]

21       The Court issued an Order to Show Cause[2] expressing its doubts about the veracity of

22  Plaintiff's representations and requiring Plaintiff to explain the inconsistency between the

---

24  [1] The Court separately contacted Las Vegas Public Docketing and obtained Plaintiff's September 27 email.  This email again showed that PACER had generated a September 28, 2022, response deadline.

25  [2] The Court also required Plaintiff to sign his response to the Court's Order to Show Cause in accordance with Fed. R. Civ. P. 11(a). (Order Show Cause 3:6, ECF No. 46).  Plaintiff signed neither of his Responses. (Resp., ECF Nos. 47, 49).

1    screenshots in his email to Las Vegas Public Docketing displayed at ECF No. 14 and the

2    version he filed in his Reply at ECF No. 22. (Order Show Cause ("OSC") 3:4–6, ECF No. 46).

3    The Order warned Plaintiff that failure to offer a good faith explanation for his conduct could

4    result in the Court granting Defendant's Renewed Motion to Compel Arbitration and Dismiss

5    or Stay Proceedings. (*Id.* 3:1–4).  In Response, Plaintiff accused the Court of bias.  Specifically,

6    Plaintiff averred that PACER did not generate a response deadline to Defendant's Motion to

7    Compel Arbitration and Dismiss or Stay Proceedings until after he filed his Motion for

8    Reconsideration. (Resp. OSC 5:16–18, ECF No. 47).  According to Plaintiff, "this raises

9    concerns that the Court, which has control over its own PACER monitor, may have edited the

10   document." (*Id.*).  Notably, the screenshots were not from the Judiciary's PACER system.

11   Rather, the PACER Monitor system Plaintiff used is produced by Fitch Solutions, a data

12   aggregating company. *See About Fitch Solutions*, FITCH SOLUTIONS,

13   https://www.fitchsolutions.com/about-fitch-solutions (last visited November 8, 2023).

14        Plaintiff's screenshot of the email with Las Vegas Public Docketing provided in his

15   Response also conflicts with the screenshot he previously provided to the Court.  Although the

16   screenshot is of the same email exchange previously provided in ECF No. 14, which had

17   contained the response deadline, the response deadline is now missing.  Compare the

18   screenshot Plaintiff re-attached to his Response to the Court's Order to Show Cause on the left

19   with the screenshot he submitted in his Motion to Reconsider on the right:

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///



(Email Screenshot, Ex. A to Resp. OSC, ECF No. 47); (Docket Screenshots, Ex. B to Mot.

Reconsider, ECF No. 14).   The Court now addresses whether Plaintiff falsified evidence and

offered misrepresentations to the Court below.

**II.** **LEGAL STANDARD**

District courts have inherent power to sanction a party for improper conduct. *Fink v.*

*Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  A court may issue sanctions under its

inherent power only upon finding "bad faith or conduct tantamount to bad faith." *Id.* at 994.

Bad faith, or conduct tantamount to bad faith, encompasses "a variety of types of willful

actions, including recklessness when combined with an additional factor such as frivolousness,

harassment, or an improper purpose." *Id.*  Upon a finding of bad faith, the decision to issue

1  sanctions is within the court's discretion. *Air Separation, Inc. v. Underwriters at Lloyd's of*

2  *London*, 45 F.3d 288, 291 (9th Cir. 1995).

3      One possible sanction within a court's discretion is to dismiss the claims asserted by the

4  bad-faith actor. *See, e.g.*, *Leon v. IDX Systems Corp.*, 464 F.3d 951 (9th Cir. 2006) (dismissing

5  the plaintiff's claims because he willfully spoliated evidence); *Anheuser-Busch, Inc. v. Nat.*

6  *Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (finding that dismissal is appropriate where

7  a "pattern of deception and discovery abuse made it impossible" to proceed with the action).

8  Dismissal is warranted when "a party has engaged deliberately in deceptive practices that

9  undermine the integrity of judicial proceedings." *Anheuser–Busch*, 69 F.3d at 348.

10     Dismissal is also appropriate when the sanctionable conduct is willful or done in bad

11 faith. *Id.*  "Dismissal is particularly warranted where one party submits falsified evidence"

12 because the "submission of falsified evidence substantially prejudices an opposing party by

13 casting doubt on the veracity of all the culpable party's submissions throughout [the] litigation."

14 *Pope v. Fed. Express Corp.,* 138 F.R.D. 675, 683 (W.D. Mo. 1990) (*aff'd in part, vacated on*

15 *other grounds*, 974 F.2d 982 (8th Cir. 1992)).  Additionally, when a party submits falsified

16 evidence, the "prejudiced party is forced either to attempt independent corroboration of each

17 submission, at considerable expense of time and money, or to accept the real possibility that

18 those discovery documents submitted by the opposing party are inaccurate." *Id.*  Moreover,

19 excluding the fabricated evidence is not always enough to deter discovery misconduct because

20 "[l]itigants would infer that they have everything to gain, and nothing to lose, if manufactured

21 evidence merely is excluded while their lawsuit continues." *Id.*

22     When determining whether dismissal is an appropriate sanction, courts consider several

23 factors: (1) the public's interest in-expeditious resolution of litigation; (2) the court's need to

24 manage its dockets; (3) the risk of prejudice to the party seeking the sanctions; (4) the public

25

1   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

2   sanctions. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

3   **III.**              **DISCUSSION**

4          Having reviewed Plaintiff's filings and exhibits, the Court finds that Plaintiff twice

5   submitted falsified evidence to the Court and offered misrepresentations in furtherance of his

6   position when given the opportunity to explain his actions, and that this conduct was willful

7   and in bad faith.  Plaintiff failed to offer a reasonable explanation for his conduct, instead

8   accusing the Court of fabricating evidence and colluding with Defendant. (*See generally* Resp.

9   OSC).  Plaintiff's accusations ignore the fact that the Court's Order to Show Cause was based

10  on filings and evidence he submitted *himself*. (*Id.*)  Plaintiff's email and the screenshots of the

11  same exchange in his Motion to Reconsider showed PACER generated a September 28, 2022,

12  deadline for the Motion to Compel Arbitration and Dismiss or Stay Proceedings.  That is,

13  *Plaintiff* exposed the fallacy undergirding his own position.  And when confronted with this

14  contradiction, Plaintiff filed additional manipulated screenshots and misrepresentations in

15  furtherance of his position.  In short, Plaintiff acted willfully and intentionally altered evidence

16  to deceive the Court and avoid arbitration.

17         The Court must now consider whether Plaintiff's conduct—fabricating evidence and

18  repeating misrepresentations—warrants dismissal.  The Court considers the relevant factors

19  below and concludes that the harsh sanction of dismissal is warranted in this instance.[3]

20

21

---

22  [3] Courts should "impose sanctions only 'after affording an opportunity to be heard.'" *Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).  But the opportunity to be heard does not necessarily entitle the subject of a motion to an evidentiary hearing. *In re Reed*, 888 F.3d 930, 938 (8th Cir. 2018) (quoting

23  *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 335 (2d Cir. 1999) (internal citation omitted)).  The Ninth Circuit has made clear that "the opportunity to submit briefs" satisfies the "opportunity to be heard"

24  requirement. *See Paladin*, 328 F.3d 1145 at 1164–65 (holding that, because the Rule 37 sanctions issues to be resolved were such that an evidentiary hearing would not have aided the [decision-making] process, district court

25  did not abuse its discretion by ruling on the briefing).  Here, the Court provided Plaintiff the opportunity to submit a written brief, and finds an evidentiary hearing is not necessary because the record clearly establishes that he submitted falsified evidence and made repeated misrepresentations throughout his filings.

### A. The Public's Interest in Expeditious Resolution of Litigation

The public's interest in expeditious resolution of litigation always favors dismissal. *Nourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 2002). This is because the public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006); *see* Fed. R. Civ. P. 1. Here, Plaintiff's conduct caused considerable delay in this case. Plaintiff's actions led to additional motion practice, requiring both Defendant and the Court to review his falsified evidence and misrepresentations throughout these proceedings. *See Lee v. Trees, Inc.*, No. 3:15-cv-0165, 2017 WL 5147146, at *6 (D. Or. Nov. 6, 2017). Plaintiff also filed additional baseless motions and improper sur-replies based on his sanctionable conduct which "has further consumed some of the [C]ourt's time that could have been devoted to other cases on the docket." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

### A. The Court's Need to Manage its Docket

Plaintiff's actions "have impeded the Court's ability to manage its dockets by obscuring the truth" and consuming more than his share of judicial time and resources. *See Huntley v. City of Carlin*, No. 3:12-cv-00664, 2014 WL 4064027, at *5 (D. Nev. Aug. 15, 2014); *see also Lee*, 2017 WL 5147146, at *6 (finding the plaintiff's "deceptive conduct wasted the time and resources of the court" thereby impeding the court's ability to manage its docket). The integrity of the judicial process must be protected, and the Court's ability to effectively manage its own docket must be preserved. Accordingly, this factor also weighs in favor of imposing sanctions.

### B. The Risk of Prejudice to the Party Seeking Sanctions

This third factor, risk of prejudice to the defendant, also weighs in favor of dismissal. A defendant is prejudiced if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana Int'l. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "Falsified evidence substantially prejudices an opposing party

1  by casting doubt on the veracity of all of the culpable party's submissions throughout

2  litigation" because it hinders the ability of the Court to have confidence in any of its decisions.

3  *Juarez*, 2016 WL 3660613 at *5 (quoting *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d

4  1174, 1180 (10th Cir. 2009).

5      Plaintiff's fabrication of evidence to avoid arbitration interferes with the rightful

6  decision of what venue this case is adjudicated in, and the ultimate decision of this case.  The

7  Court vacated its Order granting Defendant's Motion to Compel Arbitration because it trusted

8  the veracity of Plaintiff's filings.  But since this vacatur, Plaintiff has submitted Motions and

9  filings with altered screenshots and unsupported arguments.  Plaintiff's pattern of offering

10  misrepresentations "without 'any sign of repentance or any indication that this pattern of

11  behavior would cease if the case were allowed to proceed'" raises serious concerns that he

12  would further interfere with the rightful decision of this case if allowed to proceed. *Buford v.*

13  *Vang*, No. 1:00-cv-06496, 2006 WL 2652220, at *15 (E.D. Cal. Sept. 15, 2006) (quoting *Sun*

14  *World, Inc. v. Lizarazu Olivarria*, 144 F.R.D. 384, 391 (E.D. Cal. 1992).  Accordingly, this

15  factor also weighs in favor of dismissal.

16      **C. The Public Policy Favoring Disposition on the Merits**

17      As for the fourth factor, the public policy favoring disposition of a case on the merits,

18  dismissal of Plaintiff's claims at this stage would not support "the public policy favoring

19  disposition of cases on their merits[.]" *In re Phenylpropanolamine*, 460 F.3d at 1226.

20  Nonetheless, the Ninth Circuit has "recognized that this factor 'lends little support' to a party

21  whose responsibility it is to move a case toward disposition on the merits but whose conduct

22  impedes in that direction." *Id.* at 1228.  It is Plaintiff's responsibility to move his case toward

23  disposition on the merits, yet his conduct has only obfuscated the truth and delayed these

24  proceedings.  In sum, while this factor favors disposition on the merits, this factor alone "is

25  insufficient to outweigh the other four factors," especially when considering Plaintiff's

1    egregious conduct. *Pringle v. Adams*, No. 10-cv-1556, 2012 WL 1103939, at *10 (C.D. Cal.

2    Mar. 30, 2012).

3          **D. Availability of Less Drastic Sanctions**

4          The fifth factor considers "whether the court explicitly discussed alternative sanctions,

5    whether it tried them, and whether it warned the recalcitrant party about the possibility of

6    dismissal . . . . [I]t is not always necessary for the court to impose less serious sanctions first, or

7    to give any explicit warning.*Valley Eng'rs Inc.*, 158 F.3d at 1057.

8          Here, the Court warned Plaintiff that his misconduct could result in serious

9    consequences, including dismissal. (*See generally* OSC).  Despite this warning, Plaintiff

10   submitted additional fabricated evidence and repeated the same misrepresentations from

11   previous filings. *See Juarez*, 2016 WL 3660613 at *6 (determining dismissal was warranted

12   where the plaintiff's "submission of false evidence [was] not an isolated incident").  The Court

13   finds that less drastic sanctions, including monetary sanctions, would not be useful here

14   because Plaintiff "willfully deceived the Court and engaged in conduct utterly inconsistent with

15   the orderly administration of justice." *Anheuser-Busch*, 69 F.3d at 348.  Plaintiff's pattern of

16   deception casts doubt on any subsequent arguments and evidence he may provide. *See*

17   *Anheuser–Busch, Inc.*, 69 F.3d at 352 (noting past deception will "likely mean it will be

18   impossible for the court to conduct another trial with any reasonable assurance that the truth

19   would be available" and rejecting lesser sanctions "where the court anticipates continued

20   deceptive misconduct").  "Any lesser sanction would suggest to future litigants that they may

21   manufacture evidence and suffer no meaningful consequences if caught, because they would

22   still be able to maintain a claim or defense against the opposing party—a message equivalent to

23   the 'no harm, no foul' adage." *Lee*, 2017 WL 5147146, at *8.

24         The Court is mindful of the strong public policy which favors disposition of cases on the

25   merits.  But the Court finds that a less severe sanction is not appropriate here.  Plaintiff received

1  an adverse ruling on Defendant's Motion to Compel Arbitration and Dismiss or Stay

2  Proceeding and instead of acknowledging he missed the response deadline, he submitted

3  falsified evidence to deceive the Court into vacating its Order.[4]  When given the opportunity to

4  explain his actions, Plaintiff submitted additional falsified evidence and offered more

5  misrepresentations.  Under these circumstances, the Court is unable to conclude dismissal is not

6  warranted.  Accordingly, the Court DISMISSES Plaintiff's Complaint with prejudice.

7  ///

8  ////

9  ///

10 ///

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20

21  [4] Even if Plaintiff was telling the truth and PACER did not generate a response deadline, Local Rule ("LR") 12-
1(a)(2) establishes that "responses to pretrial motions and notices must be filed and served within 14 days from
22  the date of service of the motion."  Thus, Plaintiff's Response to Defendant's Motion to Compel Arbitration and
Dismiss or Stay Proceeding was always due by September 28, 2022, regardless of whether PACER generated a
23  response deadline.  It is Plaintiff's responsibility to comply with this Court's Local Rules and manage deadlines.
*See, e.g. Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("Pro se litigants are not excused
24  from following court rules[.]").  Nevertheless, the Court recognizes that mistakes happen, and deadlines are
missed.  If Plaintiff merely acknowledged that he failed to comply with the deadline set by PACER and this
25  Court's Local Rules, the Court would have been amenable to reconsideration, as demonstrated by its Order
granting Plaintiff's Motion to Reconsider.  Instead, Plaintiff opted to falsify evidence and repeatedly offer
misrepresentations to obfuscate the truth.  The Court cannot excuse this conduct.

**IV.**             **CONCLUSION**

        **IT IS HEREBY ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED with prejudice**.

        **IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Compel Arbitration, (ECF No. 29), is **DENIED as moot.**

        **IT IS FURTHER ORDERED** that Defendant's Motion for Order to Show Cause, (ECF No. 28) is **DENIED** as **moot**.

        **IT IS FURTHER ORDERED** that Defendant's Motions to Strike, (ECF Nos. 40, 41), are **GRANTED**.

        The Clerk of Court is instructed to close the case and enter judgment accordingly.

        **DATED** this   9   day of November, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court